IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| RICHARD JOE FITTEN, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | No. 1:15-cv-1157-JDB-ebg |
| STATE OF TENNESSEE, | ) ) ) | No. 1:15-cv-1158-JDB-ebg |
| Respondent. | ) ) | |

ORDER DENYING MOTION IN RESPONSE TO DISMISSAL,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is the *pro se* motion of Petitioner, Richard Joe Fitten, "in response to the dismissal of cases 1:15-cv-1157–58."[1] (Docket Entry ("D.E.") 8 at 1.) Fitten, Tennessee Department of Correction prisoner number 337387, is currently incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee. He seeks relief from the Court's August 31, 2015 order dismissing his habeas petitions under 28 U.S.C § 2254. (*Id.*) On review of Petitioner's submissions, the Motion is DENIED.

I.   BACKGROUND

On June 19, 2015, Petitioner filed two *pro se* petitions under 28 U.S.C. § 2254. *Fitten v. Tennessee*, No. 1:15-cv-1158-JDB-ebg (W.D. Tenn. June 19, 2015) (hereinafter "No. 1158")

---

[1] Fitten filed two separate petitions under 21 U.S.C. § 2254, case numbers 1:15-cv-1157 and 1:15-cv-1158. His instant motion applies to both cases. (*See* D.E. 8 at 1.) Accordingly, this order also applies to both, and each unlabeled docket entry notation in the text references documents that have been filed under both case numbers but are otherwise identical. Only Docket Entries 1 and 9 appear to be different documents in each respective case, and the Court has made note of these differences where appropriate.

(D.E. 1); *Fitten v. Tennessee*, No. 1:15-cv-1157-JDB-ebg (W.D. Tenn. June 19, 2015) (hereinafter "No. 1157") (D.E. 1). Therein, Fitten sought relief from his convictions in Tennessee state court of burglary and theft. (No. 1158, D.E. 1; No 1157, D.E. 1.) Accompanying these petitions, he filed a single, handwritten "application to proceed as a poor person," (D.E. 2), but failed to submit a proper *in forma pauperis* affidavit pursuant to 28 U.S.C. § 1914(a). On July 8, 2015, the Court ordered Petitioner to either submit a properly executed application to proceed *in forma pauperis* or pay the $5.00 habeas filing fee. (D.E. 4.) He did neither. On August 31, 2015, the Court dismissed Fitten's § 2254 petitions without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Judgment was entered on September 4, 2015. (D.E. 7.) Petitioner's instant motion seeks relief from that judgment and includes other requests, addressed *seriatim* below.

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 59(e)

"Many pro se petitioners file inartfully drafted post-conviction motions, without specifying the legal basis for the requested relief. District courts, in an effort to assist pro se litigants unaware of the applicable statutory framework, often re-characterize such filings . . . ." *United States v. McDonald*, 326 F. App'x 880, 882 (6th Cir. 2009) (quoting *In re Shelton*, 295 F.3d 620, 621 (6th Cir. 2002)). Fitten's motion may be reasonably construed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Under Rule 59(e), "a court may alter [a] judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) (quoting *Leisure Caviar, LLC v. U.S. Fish &*

*Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).

Petitioner has not identified, and the Court has not found, any intervening change in the law applicable to his § 2254 petitions or their dismissal. Nor does he reference any newly discovered evidence on which to base his motion. As for a clear error of law, none exists here. District courts possess the inherent power to dismiss a case *sua sponte* for failure to prosecute. *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). Fitten received a straightforward instruction from the Court to remedy his inadequate filing by either properly applying to proceed *in forma pauperis* or paying the $5.00 filing fee. (D.E. 4.) He also received a warning that "[f]ailure to comply with this order will result in dismissal of this action, pursuant to Fed.R.Civ.P.41(b), for failure to prosecute." (*Id.* at 1.) Petitioner was given ample time to correct his error—nearly two months—before the Court dismissed his claim. (D.E. 5.) In the motion, he even acknowledges that he "did receive notice from chief Judge J. Daniel Breen to file a correct application to proceed as a Poor Person . . . ." (D.E. 8 at 1.) Because Fitten was given notice, time, and clear instructions, the Court's judgment also does not result in "manifest injustice." *Clark*, 764 F.3d at 661.

Moreover, precedent supports both the method and the time frame used by the Court. *Brown v. Mills*, 639 F.3d 733, 734 (6th Cir. 2011) (affirming the district court's order that the petitioner's habeas petition "be dismissed without prejudice for failure to prosecute, based on his failure to pay the filing fee"); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) (affirming the district court's dismissal of several plaintiffs from the case for failure to prosecute, "despite the warning of potential dismissal," after they failed to pay the filing fee or apply for *in forma*

*pauperis* status). For these reasons, Petitioner's motion under Rule 59(e) lacks merit.

      **B.**      **Extension of Time**

To the extent that Fitten requests "a time extension to file another application," (D.E. 8 at 1), his motion is construed as seeking an extension of time under Federal Rule of Civil Procedure 6(b). In order to prevail on such a motion made after the deadline for taking action has expired, a movant must demonstrate excusable neglect. Fed. R. Civ. P 6(b)(1)(A). "Excusable neglect has been held to be a strict standard which is met only in extraordinary cases." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). Petitioner's motion does not meet that high bar here, as he fails to include any reason why he waited until after the Court's dismissal of his petitions to request additional time, other than the conclusory assertion that "there has been a grave misunderstanding between the Petitioner and district court clerk." (D.E. 8 at 1.) This excuse does not suffice and his request is likewise meritless.

      **C.**      **Appeal Issues**

            **1.**      **Finality of the § 2254 petitions' dismissal without prejudice**

Fitten requests "direction's [sic] to obtain a certificate of appealability from the United States Circuit Court." (D.E. 8 at 1.) In another filing, he "seeks approval through certificate of appealability to refile" his petitions. (No. 1158, D.E. 9 at 1; *see* No. 1157, D.E. 9.) A petitioner is not entitled to appeal a district court's denial of a § 2254 petition as a matter of right. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires that a district court either issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner, and the petitioner may not

take an appeal unless either a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). In its August 31, 2015 order and September 4, 2015 judgment, the Court did not make a COA determination. (*See* D.E. 5, 7.) Therefore, the Court must now analyze whether its dismissal qualifies as a final order, triggering the requirement of Habeas Rule 11.

The dismissal of an action without prejudice may be appealable under 28 U.S.C. § 1291. *See CompuServe Inc. v. Saperstein*, 172 F.3d 47 (6th Cir. 1999) (unpublished table decision), *available in* 1999 WL 16481, at * 3 (citing *United States v. Wallace & Tiernan Co.*, 336 U.S. 793 (1949)). The inquiry turns on whether a dismissal without prejudice constitutes a "final order" under § 1291. *Id.* at *2; *see* 28 U.S.C. § 2253(a). "An order dismissing claims without prejudice is not a final decision where the party may simply cure the problem and refile . . . . The court must discern whether the dismissal was the end of the action or merely a setback that can be cured by amendment." *Id.* More specifically, the Sixth Circuit has held that

> [t]he special circumstances which will permit this court to regard such an order as final and appealable must be such as to make it clear that the court determined that the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make, thereby entitling plaintiff to assume that he had no choice but to stand on his complaint.

*Id.* at *2–3 (6th Cir. 1999) (quoting *Azar v. Conley*, 480 F.2d 220, 223 (6th Cir. 1973)); *see also Price v. Reid*, 161 F. App'x 773, 775 (10th Cir. 2006) ("[W]here dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable." (quoting *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001))). This inquiry requires determining whether "the district judge intended the dismissal without prejudice to be final, and for all important respects, the conclusion of the case." *CompuServe*,

5

1999 WL 16481, at *3.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one year limitations period in which a state prisoner may file a § 2254 petition. 28 U.S.C. § 2244(d). Fitten originally filed his § 2254 petitions in June of 2015. Faced with similar circumstances, the Tenth Circuit held thus:

> Without specifically concluding that [the petitioner] would now be time-barred from asserting a new habeas petition, we note that [the petitioner] filed the § 2254 petition at issue here over two years ago. Under these circumstances, therefore, we will treat the district court's decision to dismiss his petition without prejudice as a final, appealable order.

*Price*, 161 F. App'x at 775–76. Accordingly, the Court will treat its August 31, 2015 order dismissing Fitten's § 2254 petitions without prejudice as a final order under Rule 11, and thus will decide whether a COA should issue.

### 2. Certificate of appealability analysis

A COA is appropriate only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate with specificity the issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A COA does not require a showing that the appeal will succeed, *Cockrell*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011), but courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773. The Supreme Court has held that

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

6

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). 28 U.S.C. § 2253 requires that a petitioner make both showings before a COA may issue. *Id.* at 485. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484.

In this case, neither of Fitten's § 2254 petitions, nor his instant motion, meet this standard. Petitioner fails on the procedural prong for the reasons discussed *supra* in Section A. The law regarding dismissal for failure to prosecute is clear and reasonable jurists would not disagree on its application in this case. Additionally, after reviewing Fitten's petitions and other filings, the Court concludes that he does not assert a valid claim of the denial of a constitutional right or one which reasonable jurists would find debatable. *Slack*, 529 U.S. at 484. Because any appeal by Petitioner on the issues raised in his petitions and instant motion lacks merit, the Court DENIES a certificate of appealability.

Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)–(5). In this case, for the same reasons it denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate

Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[2]

### III. CONCLUSION

For the reasons stated above, Petitioner's Motion is hereby DENIED.

**IT IS SO ORDERED** this 8th day of September, 2016.

                                                s/ J. DANIEL BREEN_____
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).